UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X
                                        :
ARCH INSURANCE COMPANY,                 :
                                        :
                  Plaintiff,            :
                                        :
        -v-                             :
                                        :
HARLEYSVILLE WORCESTER INSURANCE        :
COMPANY and ILLINOIS UNION INSURANCE    :      13cv7350 (DLC)
COMPANY,                                :
                  Defendants.           :      OPINION & ORDER
                                        X
----------------------------------------:
                                        :
HARLEYSVILLE WORCESTER INSURANCE        :
COMPANY,                                :
                                        :
          Third-Party Plaintiff,        :
                                        :
        -v-                             :
                                        :
ERIE AND MAINTENANCE, INC.,             :
                                        :
          Third-Party Defendant.        :
                                        :
----------------------------------------X


APPERANCES:


For Defendant Harleysville Worcester Insurance Company

Lance J. Kalik
Tracey K. Wishert
Riker Danzig Scherer Hyland & Perretti, LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962

For Third-Party Defendant Erie Painting Management
Richard Scott Atwater
Gross Shuman Brizdle & Gilfillan, P.C.
465 Main Street, Suite 600
Buffalo, NY 14203

DENISE COTE, District Judge:

This motion arises out of an insurance dispute.  Plaintiff Arch Insurance Company ("Arch") initially sought indemnification from Illinois Union Insurance Company ("Illinois Union") and Harleysville Worcester Insurance Company ("Harleysville") for payments Arch made to settle a claim for personal injuries brought by Enio Antonio Rodrigues ("Rodrigues"), an employee of Erie & Maintenance, Inc. ("Erie").  Rodrigues sustained injuries when he fell from a trailer while performing work under a contract between Erie and the New York State Thruway Authority ("Authority") ("Rodrigues Incident").

This Opinion addresses a motion brought by Erie to dismiss claims Harleysville has brought against Erie.  Harleysville has filed a counterclaim naming Arch and Erie, seeking a declaration that it was not required to defend or indemnify the Authority in connection to the Rodrigues incident or a separate incident involving another Erie employee, Dimitrios Dovas ("Dovas") ("Dovas Incident").  Harleysville also seeks a declaration that it is entitled to reimbursement for money spent settling these claims.  Harleysville has also filed, and later amended, a third-party complaint against Erie seeking a declaratory judgment relating to both incidents.  Erie has moved to dismiss Harleysville's amended third-party complaint and amended counterclaim.  For the following reasons, the motion is denied.

**BACKGROUND**

Harleysville asserts the following in its amended counterclaim and amended third party complaint.  Erie contracted with the Authority to perform painting work.  Among other things, Erie's contract with the Authority required Erie to defend and indemnify the Authority for any accident or injuries arising out of work performed.  See New York State Thruway Authority v. Erie and Maintenance, Inc., No. 27722/11 (Sup. Ct. June 17, 2013).  At the time of the Dovas and Rodrigues Incidents, the Authority was insured by Arch under a New York Owners and Contractors Protective Liability Policy (the "Arch OCPL Policy").  The Arch OCPL Policy was procured for the Authority's benefit by Erie pursuant to a requirement in Erie's contract with the Authority.

The second relevant policy in place at the time of the Rodrigues and Dovas Incidents is a Commercial General Liability policy issued by Illinois Union to Erie ("Illinois Union CGL Policy").  The policy period associated with that policy ran from September 1, 2009 through September 1, 2010.  The Illinois Union CGL Policy provides for two million dollars of general liability insurance to Erie.  The Illinois Union CGL Policy contains an "auto" exclusion provision.

The third relevant policy in place at the time of the Rodrigues and Dovas Incidents was a Commercial Automobile Policy issued by Harleysville to Erie ("Harleysville Policy").  The policy covered the period from September 1, 2008 through

3

September 1, 2010.  Erie was also required to name the Authority
as an additional insured on both of its liability policies.


The Rodrigues Incident

On November 18, 2009, Rodrigues was working for Erie
painting bridges along a New York highway when he fell off of a
trailer.  Following the incident, Rodrigues sued the Authority in
the New York Court of Claims seeking damages for his injuries.
On April 22, 2011, Harleysville agreed to defend Erie in the
Rodrigues action under a full reservation of rights.
Harleysville also notified Erie that the allegations of the
Rodrigues claim did not appear to trigger the Harleysville Policy
because Rodrigues's injuries did not result from the use or
operation of an automobile as an automobile.  In July 2013,
Harleysville and Arch entered into a Funding and Reservation of
Rights Agreement pursuant to which Arch paid $500,000 and
Harleysville paid $250,000 to settle the Rodrigues claim.


The Dovas Incident

On September 18, 2008, Dovas was performing bridge painting
work for Erie.  When Dovas observed a hole in the tube of the
equipment he was using for the work, he attempted to repair the
tube.  While he was attempting to repair the tube, he fell from
the top of the vacuum truck where the equipment was attached and
was injured.

4

Dovas filed an action against the State of New York and the Authority seeking damages on December 8, 2008.  Harleysville agreed to defend Erie under a full reservation of rights by letter of August 31, 2012.  In July 2013, Arch, Harleysville, and Illinois Union entered into a Funding and Reservation of Rights Agreement pursuant to which Arch agreed to pay $375,000, Harleysville paid $187,500, and Illinois Union paid $187,500 to Dovas.

## PROCEDURAL HISTORY

On November 30, 2012, Harleysville commenced a declaratory judgment action against Erie in the Eastern District of New York. Harleysville sought a declaration that the Harleysville Policy does not provide coverage to Erie for either the Rodrigues or the Dovas claims ("EDNY Action").

Arch filed this lawsuit on October 18, 2013 in the Southern District of New York ("SDNY Action"), and amended the complaint on November 19, seeking contribution from Illinois Union and Harleysville for payments relating to the Rodrigues Incident. Harleysville responded to the amended complaint on January 27, 2014, and brought a third-party complaint against Erie, a crossclaim against Illinois Union, and a counterclaim against Arch.  All of the Harleysville claims seek a declaration that its policies do not provide coverage for either the Rodrigues or Dovas Incidents, and that it is entitled to reimbursement for

5

payments made towards the settlement of these claims.  Illinois Union filed a crossclaim against Harleysville on February 28, seeking a declaration that it was entitled to reimbursement for payments made to settle the Dovas claims.

Having been sued in the SDNY Action, Harleysville sought dismissal of the EDNY Action it had filed against Erie.  On December 19, 2013, Harleysville emailed a stipulation of dismissal to Erie for the EDNY Action.  On December 26, Harleysville sent a letter to Magistrate Judge Azrack stating that it wished to dismiss the EDNY Action in favor litigation in the SDNY Action.  Erie has not agreed to dismissal of the EDNY Action.

On March 3, 2014, Erie moved to dismiss Harleysville's third-party complaint in the SDNY Action.  A scheduling order was issued the same day, stating that any amendment to the third-party complaint was due on March 21.  Arch amended its complaint again on March 18.  On March 21, Harleysville amended the third-party complaint and added Erie as a party to the counterclaim initially brought on January 27, 2014 against Arch.

On March 28, 2014, Illinois Union moved to dismiss Arch's second amended complaint.  Illinois Union's motion to dismiss was granted on July 7.  Arch Ins. Co. v. Harleysville Worcester Ins. Co., 13cv7350 (DLC), 2014 WL 3377124 (S.D.N.Y. July 7, 2014)

On April 15, Erie filed the instant motion.  It seeks dismissal the amended third-party complaint and the amended

6

counterclaim filed against it by Harleysville on a number of procedural grounds and on the basis that New York's antisubrogation rule bars Harleysville's claims against Erie. Erie also requested attorneys' fees.  The motion was fully briefed on May 2.

## DISCUSSION

When deciding a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., a court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." LaFaro v. New York Cardiothoracic Group, PLLC, 570 F.3d 471, 475 (2d Cir. 2009).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  A complaint must do more, however, than offer "naked assertions devoid of further factual enhancement." Id. (citation omitted). A court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Id.

In a case grounded in diversity jurisdiction, a federal court "must apply the choice of law analysis of the forum state." GlobalNet Financial.Com, Inc. v. Frank Crystal & Co., Inc., 449 F.3d 377, 382 (2d Cir. 2006); see generally Erie R. Co. v. Tompkins, 304 U.S. 64, 78-80 (1938).  The parties all assume that New York law governs all substantive issues.  "Under New York

7

choice of law rules . . . where the parties agree that New York law controls, this is sufficient to establish choice of law." Fed. Ins. Co. v. Am. Home Assurance Co., 639 F.3d 557, 566 (2d Cir. 2011). Such agreement can be implicit. Id. Therefore, New York law will be applied. Federal law, however, governs the procedural questions raised in this motion.

Erie moves to dismiss both the amended counterclaim and the amended third-party complaint filed by Harleysville under the antisubrogation doctrine. Erie also cites a number of procedural grounds in support of its motion to dismiss and requests attorneys' fees. These arguments will be addressed in turn.

**I. Antisubrogation as a Basis for Dismissal**

Erie contends that New York's antisubrogation rule bars Harleysville's claims against it. It does not. "Subrogation is an equitable doctrine that entitles an insurer to stand in the shoes of its insured to seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse." ELRAC, Inc. v. Ward, 96 N.Y.2d 58, 75 (2001) (citation omitted). The antisubrogation rule is an "exception" to the right of subrogation. Id. Under the rule:

> [A]n insurer has no right of subrogation against its
> own insured for a claim arising from the very risk for
> which the insured was covered even where the insured
> has expressly agreed to indemnify the party from whom
> the insurer's rights are derived. In other words, an
> insurer may not step into the shoes of its insured to
> sue a third-party tortfeasor -- if that third party
> also qualifies as an insured under the same policy --
> for damages arising from the same risk covered by the

> policy.  This rule applies even if the third-party
> tortfeasor has expressly agreed to indemnify the
> insured for the loss.

Id. (citation omitted).  See also N. Star Reinsurance Corp. v.
Continental Ins. Co., 82 N.Y.2d 281, 294-295 (1993); Pa. Gen.
Ins. Co. v. Austin Powder Co., 68 N.Y.2d 465, 471 (1986).  The
antisubrogation doctrine applies to situations where an insurer
seeks recovery from its insured for the "same risk covered by its
policy."  ERLAC, 96 N.Y.2d at 75 (emphasis added).  The purpose
is to prevent the insurer from passing on the loss to its own
insured, and thus avoiding the coverage which the insured
purchased.  Pa. Gen. Ins., 68 N.Y.2d at 471.

Here, Erie agreed to indemnify the Authority for any loss
due to injury suffered by Erie's employees while working on the
Authority's projects.  The Harleysville Policy was issued to Erie
and to the Authority as an additional insured.  Harleysville paid
$250,000 and $187,500 to settle the Rodrigues and Dovas actions,
respectively.  Harleysville seeks a declaration that its policy
did not require it to provide coverage for either incident, and
seeks a declaration that it is entitled to reimbursement from
Arch, Illinois Union, and/or Erie for the amounts it has paid to
settle the two claims.

The antisubrogation rule does not bar such claims by
Harleysville.  Harleysville is not seeking indemnification from
Erie for a "covered risk."  Instead, Harleysville seeks a
declaration that the policy provided to Erie did not cover these

incidents.[1]  The antisubrogation doctrine is not implicated when the insurer asserts its own rights rather than the rights of its insured.  Provided that an insurer has properly reserved its rights in tendering a defense and settlement payments, an insurer may seek reimbursement from an insured on the ground that the policy does not cover the loss.  See Gen. Star Nat'l Ins. v. Niagara Frontier Transit Metro., 918 N.Y.S.2d 923, 923 (App. Div. 4th Dept. 2011).

Indemnity Ins. Co. of N. Am. v. St. Paul Mercury Ins. Co., 900 N.Y.S.2d 24 (1st Dept. 2010), cited by Erie in support of its antisubrogation argument, does not change this analysis.  In Indemnity Insurance, the insurer sought reimbursement from its insured, a subcontractor, for payments made to settle claims against New York City because the subcontractor was contractually obligated to indemnify the City.  Id. at 28-29.  Such a claim was barred by antisubrogation doctrine.  Therefore, Indemnity Insurance sheds no light on the viability of a request for a declaration that an underlying incident is not covered by the insurance policy.

## II. Procedural Grounds for Dismissal

Erie presents essentially four separate procedural grounds to dismiss the Harleysville claims against Erie.

---

[1] The parties dispute whether Harleysville made payments on Erie's behalf or on the Authority's behalf.  This issue need not be resolved at this time and, in any event, would be resolved in Harleysville's favor for the purposes of this motion.

None of them has merit.

The Simultaneous EDNY Action

Erie contends that both the amended counterclaim and the amended third-party complaint must be dismissed because there is a pending action in the Eastern District of New York between Harleysville and Erie seeking virtually the same relief. Dismissal is not warranted on this basis.

The SDNY Action is the only pending action where Arch, Illinois Union, Harleysville, and Erie are all joined and thus presents the most complete opportunity to litigate fully the rights and responsibilities of the respective parties. Furthermore, Harleysville has offered to dismiss the EDNY Action in favor of the SDNY Action.  Only Erie's refusal to consent to the dismissal keeps the EDNY Action active.

Timeliness of the Amendment to the Counterclaim

Erie also contends that the amended counterclaim must be dismissed as it is untimely by two days.  Erie argues that Harleysville's amendment adding Erie to its counterclaim against Arch was due March 19, but was not filed until March 21. Assuming it was untimely by two days, the counterclaim will not be dismissed on this ground.

In responding to Erie's motion to dismiss, Harleysville requests that leave be given for the amendment.  Under Rule 15(a), Fed. R. Civ. P., leave should be freely given.  Rule 15 "reflects two of the most important principles behind the Federal

Rules: pleadings are to serve the limited role of providing the opposing party with notice of the claim or defense to be litigated, and mere technicalities should not prevent cases from being decided on the merits." Monahan v. New York City Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000) (citation omitted). "Thus, absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility," leave should be granted. Id.

There is no evidence of undue delay, bad faith, or dilatory motive. Furthermore, because the amended counterclaim seeks virtually the same relief as the third-party complaint, originally filed on January 27, Erie has not been prejudiced by the two-day delay.

Joinder of Erie to the Counterclaim

Erie argues that the amended counterclaim must fail because the elements for a counterclaim under Rule 13, Fed. R. Civ. P., are not met. Specifically, Erie asserts that it is not an opposing party under Rule 13(a) or (b), Fed. R. Civ. P., and cannot be subject to a counterclaim under Rule 13(h) because joinder is inappropriate under Rule 19 or 20, Fed. R. Civ. P. This argument fails because Erie may be joined as a party to the counterclaim.

Rule 13 states that:

(a) Compulsory Counterclaim.
   (1) In General. A pleading must state as a
   counterclaim any claim that -- at the time of its

12

```
          service -- the pleader has against an opposing party
          if the claim:
              (A) arises out of the transaction or occurrence
              that is the subject matter of the opposing party's
              claim; and
              (B) does not require adding another party over
              whom the court cannot acquire jurisdiction.
      . . .
      (b) Permissive Counterclaim. A pleading may state as a
      counterclaim against an opposing party any claim that
      is not compulsory.
      . . .
      (h) Joining Additional Parties. Rules 19 and 20 govern
      the addition of a person as a party to a counterclaim
      or crossclaim.
```

Fed. R. Civ. P. 13.

Under Rule 13(a) and (b), a counterclaim can only be brought against an "opposing party." There is no dispute in this case that Erie is not an "opposing party" for the purposes of Rule 13(a) or (b). Rather, Harleysville contends that Erie may be joined to the counterclaim against Arch under Rule 13(h). Under Rule 13(h), Rules 19 (necessary joinder) and 20 (permissive joinder) govern the addition of nonparties to a counterclaim.

Rule 20 permits joinder when the relief sought arises out of the same transaction, occurrence, or series of transactions or occurrences, and there is a common question of law or fact. Permissive joinder of Erie to the counterclaim is appropriate in this case. Here, Harleysville seeks a declaration as to the respective rights and responsibilities of Arch, Harleysville, Illinois Union, and Erie regarding the Rodrigues and Dovas payments. The claim against Erie arises out of the same series of events underlying both incidents. Resolution of the

counterclaim will necessarily involve common questions of law and fact.  Because permissive joinder of Erie to the amended counterclaim is proper under Rule 20, the Court need not consider whether Erie is also a necessary party under Rule 19.

The Requirements for Impleader

Erie next contends that the amended third-party complaint must be dismissed because the requirements of Rule 14, Fed. R. Civ. P., are not met.  Rule 14 states: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  Fed. R. Civ. P. 14.  Rule 14 is a rule of judicial economy:

> The general purpose of the rule [is] to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him and a judgment [in] his favor against the third-party defendant.

Dery v. Wyer, 265 F.2d 804, 806-07 (2d Cir. 1959) (citation omitted).  Impleader may not be used when the third-party complaint is a separate claim.

> The question whether a defendant's demand presents an appropriate occasion for the use of impleader or else constitutes a separate claim has been resolved consistently by permitting impleader only in cases where the third party's liability was in some way derivative of the outcome of the main claim.  In most such cases it has been held that for impleader to be available the third party defendant must be liable secondarily to the original defendant in the event that the latter is held liable to the plaintiff.

14

United States v. Joe Grasso & Son, Inc., 380 F.2d 749, 751 (5th Cir. 1967).

Harleysville's claim against Erie is entirely derivative of Arch's and Illinois Union's claims against Harleysville, and may thus be brought as a third-party complaint.  All claims in this case seek declaratory judgments as to the respective liabilities of the parties.  The claims against Erie will be resolved in part by the resolution of the primary claim.

Erie argues that, because Arch seeks a declaratory judgment rather than damages, it will be impossible for Erie to be "liable . . . for all or part of the claim" against Harleysville, as required by Rule 14.  The word "claim," however, is interpreted more broadly than the words "cause of action" and can extend, in the context of impleader, to any action that is derivative of the main claim brought by Arch.[2]  Dery, 265 F.2d at 807. Harleysville's claim against Erie is derivative of the main claim.  Furthermore, given that there remains a counterclaim against Erie for the same relief, dismissing the amended third-party complaint on this ground serves little purpose.[3]

---

[2] The Arch claims were dismissed after Erie filed this motion. Despite that dismissal, Harleysville continues to have claims against Arch, Illinois Union, and Erie, and this third-party claim against Erie remains an appropriate vehicle to resolve the parties' rights.

[3] Because this motion is denied, it is unnecessary to reach

15

**CONCLUSION**

Erie's April 15 motion to dismiss the amended counterclaim and amended third-party complaint is denied.

Dated:    New York, New York
          October 28, 2014

                                    _____
                                         DENISE COTE
                              United States District Judge

Erie's request for attorneys' fees.